**Signed: August 19, 2008**



_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                          No. 08-40042 TM
                                               Chapter 7
ELAINA MARIE MOSES,

          Debtor.
_____/

**MEMORANDUM OF DECISION**

      The chapter 7 trustee in the above-captioned case (the "Trustee") objects to the amended claim of exemption of the above-captioned debtor (the "Debtor") for a 2007 income tax refund in the amount of $10,346 ("Tax Refund"). The Trustee seeks disallowance of the exemption. Alternatively, he seeks to surcharge the exemption to reimburse the estate for its costs seeking turnover of the Tax Refund prior to the Debtor's claiming it as exempt. The Debtor opposes both requests for relief. For the reasons stated below, the amended claim of exemption for the Tax Refund will be disallowed and the Trustee will be awarded an order for the monetary amount of the Tax Refund.

**DISCUSSION**

**A. SUMMARY OF EVIDENCE AND ARGUMENTS**

On January 4, 2008, the Debtor filed a voluntary petition seeking relief under chapter 7 of the Bankruptcy Code. The Debtor filed her schedules of assets and liabilities on or before January 30, 2008. She listed the Tax Refund as an asset on Schedule B, her schedule of personal property assets, in the estimated amount of $2,500. She did not claim the Tax Refund as exempt on Schedule C, her schedule of claimed exemptions. The exemptions she did claim were those available to all judgment debtors, not only those who have filed for bankruptcy. See Cal. Civ. Proc. Code § 704.010 et seq.[1]

On February 11, 2008, the Trustee filed an ex parte motion and obtained an ex parte order directing the Debtor to provide the Trustee with a copy of her tax return when it was completed and to turn over the Tax Refund when it was received (the "Turnover Order"). A copy of the Turnover Order was mailed to the Debtor.[2] On February 20, 2008, the Debtor filed an amended Schedule C, substituting a schedule of exemptions based on Cal. Civ. Proc. Code § 703.140 for those based on § 704.010 et seq. On the amended Schedule C, the Debtor did claim the Tax Refund as exempt, albeit still in the

---

[1] California law provides two schedules of potential exemptions, one available to all judgment debtors and another available only to judgment debtors who have filed bankruptcy petitions. Compare Cal. Civ. Proc. Code § 703.140 with § 704.010 et seq.

[2] For some reason, no copy of the Turnover Order appears to have been served on the Debtor's counsel.

2

estimated amount of $2,500. On the same day, she filed a spousal waiver as required by § 703.140(a)(2).[3]

On February 21, 2008, the Trustee filed an objection to the amended claim of exemption for the Tax Refund. The Trustee sought disallowance of the amended claim of exemption on the ground that it was filed only after the Trustee sought turnover of the Tax Refund. Alternatively, the Trustee sought to surcharge the Tax Refund to reimburse the estate of its expense in seeking turnover prior to the Debtor's filing her amended claim of exemption. No hearing on the objection and/or request for surcharge was requested at that time.

The Debtor signed her tax return on April 14, 2008. The returns indicated that the Debtor was entitled to receive a tax refund of $10,346. The Debtor did not file an amended Schedule B or C, reflecting the increased value of the Tax Refund and did not provide her tax returns to the Trustee when they were completed. As a result, the Trustee set the objection for hearing on July 17, 2008. Two days before the hearing, on July 15, 2008, the Debtor provided the Trustee with a copy of her tax returns.

At the hearing, the Trustee argued that the Debtor should not be allowed to exempt the Tax Refund. He gave an oral recitation of the facts supporting his request. The Court directed the Trustee to put these grounds in writing, with supporting evidence to the extent

---

[3] California law requires a married debtor filing alone to file a waiver, signed by both spouses, of the right to claim exemptions under the alternate set of exemptions in a subsequent bankruptcy filing while the current case is still pending. See Cal. Civ. Proc. Code § 703.140(a)(2).

3

Case: 08-40042    Doc# 37    Filed: 08/19/08    Entered: 08/20/08 15:40:52    Page 3 of 10

necessary, and gave the Debtor a deadline for responding to his filing. The Trustee filed a declaration setting forth the grounds for his objection (the "Trustee's Declaration"), and the Debtor's counsel filed a timely declaration in response (the "Debtor's Counsel's Declaration").

**1. Trustee's Declaration**

In the Trustee's Declaration, the Trustee noted that he obtained the Turnover Order on February 11, 2008 and that the Debtor's only response was to file the amended claim of exemption. He noted that the Debtor continued to ignore the requirement of the Turnover Order to turn over the Debtor's tax returns when they were completed. The tax returns were not turned over until July 15, 2008, two days before the hearing on the Trustee's objection to the Debtor's exemption claim. The Trustee stated that he had made repeated written demands for turnover in the meantime: i.e., on April 13, 2008, April 29, 2008, and June 12, 2008. The Trustee also stated that, between June 18 and 20, 2008, he received three telephone messages from the Debtor stating that the Tax Refund had been seized by creditors so that he was purportedly wasting his time prosecuting the objection. The Trustee stated that he responded in writing to the Debtor, advising her that, because she was represented by counsel, it was inappropriate for her to communicate directly with him. On July 15, 2008, the Debtor's counsel finally provided him with a copy of the tax returns. On July 16, 2008, the Trustee was given documents to

4

support the Debtor's claim that the Tax Refund had been seized by creditors.[4]

Finally, the Trustee noted that Local Bankruptcy Rule 4003-1(b) requires a spousal waiver to be filed by the deadline for filing a debtor's Schedules of Assets and Liabilities. The deadline for filing these schedules in the instant case was February 19, 2008. The spousal waiver was not filed until February 20, 2008.

**2. Debtor's Counsel's Declaration**

The Debtor's Counsel's Declaration did not dispute any of the facts set forth in the Trustee's Declaration. With respect to the untimeliness of the spousal waiver, the Debtor's counsel noted only that no spousal waiver was necessary until the amended Schedule C was filed. He argued that, since amended claims of exemptions are liberally allowed, this rule should be liberally applied to permit spousal waivers to be filed after the deadline for filing schedules when filed with an amended claim of exemptions.

The Debtor's counsel also contended that the facts recited by the Trustee did not support a finding of bad faith. He noted that the Tax Refund was disclosed in the Debtor's Schedule B and at the § 341 meeting of creditors. Mere delay, he argued, does not establish bad faith. He noted that the Debtor had never received the Tax Refund in that the Internal Revenue Service and Franchise Tax Board applied an offset to repay debts owed by the Debtor's husband:

---

[4]The Trustee noted that at least some of the claims of the creditors that seized the Tax Refund appear to be nondischargeable. Thus, the Debtor has been personally benefited at the expense of the estate as a result of the seizure.

5

i.e., for student loans and Department of Motor Vehicle charges. He noted that these debts were owed only by the Debtor's husband who was not a debtor. Thus, the Debtor was not required to schedule these creditors. He admitted that the Debtor did forget to schedule a small debt owed by the Debtor to the City of Inglewood, which he contended that the Debtor had forgotten about.

The Debtor's counsel asserted that the Trustee had failed to establish any prejudice. He declared that, after receiving a copy of the Turnover Order, he was unable to get in touch with the Debtor until July 10, 2008. Once he did, the Debtor supplied him with a copy of her 2007 tax returns which he then sent to the Trustee. The Tax Refund had already been seized by that time. He declared that the reason she had failed to comply with the Turnover Order sooner was that she believed that, since the Tax Refund had already been seized, there was no longer any need to do so.

Finally, the Debtor's counsel contended that the Trustee's request for reimbursement of the full amount of the Tax Refund was without merit. He noted that the Trustee had supplied no authority for requesting reimbursement of a tax refund that the Debtor never received and contended that no such authority exists. He also took issue with the Trustee's contention that his office has a policy of having debtors claim exemption under Cal. Civ. Proc. Code § 704 unless the trustee discovers assets at the § 341 meeting and then amending to claim the § 703 exemptions. He declared that no such policy exists.

Case: 08-40042   Doc# 37   Filed: 08/19/08   Entered: 08/20/08 15:40:52   Page 6 of 10

**B. DECISION**

Based on the foregoing, the Court concludes that the Debtor's amended claim of exemption as to the Tax Refund should be disallowed. The untimely filing of the spousal waiver is sufficient grounds for its disallowance. The Debtor's counsel is correct that amendments to claims of exemption are liberally allowed. See In re Michael, 163 F.3d 526, 529 (9th Cir. 1998); In re Arnold, 252 B.R. 778, 784 (Bankr. 9th Cir. 2000).

However, a distinction should be made between an amended claim of exemption as to a specific asset and a change in the election of the California statutory scheme under which the Debtor is claiming a right to exemptions. The latter effects a much broader alteration to the rights of the bankruptcy estate and its creditors. The drafters of the Local Rule, Local Bankruptcy Rule 4003-1(b), were presumably aware of the liberal policy for permitting amended claims of exemption and chose to impose a more rigid deadline for making such an election. It was reasonable of them to conclude that the chapter 7 trustee is entitled to a prompt notification of the statutory exemption scheme under which the debtor intends to proceed.

The Court disagrees with Debtor's counsel that the facts recited above are insufficient to establish the Debtor's bad faith. There is no evidence that the Debtor acted in bad faith in her initial estimate that the Tax Refund would only be in the amount of $2,500. However, clearly on April 14, 2008, when she completed her tax returns, she knew that it would be much more. Yet, she failed to amend her schedules or to inform the Trustee of the increased amount.

7

Had she done so, it is possible that the Trustee might have been able to prevent the Internal Revenue Service and Franchise Tax Board from seizing the Tax Refund. Moreover, as the Trustee pointed out, she clearly benefitted from the nondisclosure in the that seizure resulted in the satisfaction of debts owed by her husband.

The Debtor also failed to turn over a copy of her tax return when it was completed despite being under court order to do so. Although the Debtor's counsel was apparently not served with a copy of the Turnover Order, a copy was served on the Debtor herself. Thus, she knew she had an obligation to provide a copy of her tax returns to the Trustee in April 2008 when she submitted them to the taxing authorities.

The Debtor also acted improperly in failing to respond to the Trustee's repeated demands for turnover of the Tax Refund until the Trustee was required to set the matter for hearing and then by responding only a day or two before.[5] There is no evidence that the Debtor was not aware of the attempts of her counsel to contact her between late April and early June 2008. The Debtor's improper communications to the Trustee, rather than going through counsel,

---

[5] According to the Debtor's Counsel's Declaration, counsel was unable to reach the Debtor until just before the hearing. He does not say what efforts were made prior to that time to contact the Debtor. Given this omission, the Court will assume that the Debtor's counsel made some attempts at communication. Again, failing to do so would have been malpractice. However, the Debtor's failure to respond to the attempts does not excuse the Debtor's counsel. He could have informed the Trustee of the problem rather than simply ignoring the communications.

8

indicate that she had received notice of the Trustee's demands by then.

The Debtor has submitted no evidence in support of the contention of her counsel that the Debtor acted in good faith. No declaration of the Debtor has been filed. The Debtor's counsel cannot speak to the Debtor's subjective state of mind.

The final question is the appropriate remedy. The Trustee's original request was for turnover of the Tax Refund. Clearly, the Debtor cannot turn over an asset that she does not have. However, money is fungible. Even if the Debtor had received the Tax Refund and had written the Trustee a check in the amount received, it is unlikely that the amount paid would represent the same dollars received from the taxing authorities. Thus, what the Trustee was and is seeking is a monetary award. The Trustee is entitled to such an order, whether as substitution for the Tax Refund or as a surcharge on her other exempt assets to protect the integrity of the court processes. See In re Latman, 366 F.3d 774, 786 (9th Cir. 2004). The order should provide that it is enforceable as a money judgment.

## CONCLUSION

In sum, the Trustee's objection to the Debtor's amended claim of exemption for the Tax Refund is sustained. The Trustee is allowed an order directing the Debtor to pay the estate the sum of $10,346 which will be enforceable as a money judgment. The Trustee is directed to submit a proposed form of order in accordance with this decision.

END OF DOCUMENT

9

COURT SERVICE LIST

Steven L. Jacobs
Law Offices of Steven L. Jacobs
14895 E. 14th St., #390
San Leandro, CA 94578

Paul Mansdorf
1563 Solano Ave., #703
Berkeley, CA 94707